IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STATE OF ARKANSAS                                                                    PLAINTIFF

V.                               CASE NO. 5:19-CR-50073

DAVIS DON CARPENTER                                                                  DEFENDANT

## OPINION AND ORDER

Now before the Court are a Notice of Removal (Doc. 1) and associated documents (Docs. 1-1—1-3) filed by Arkansas Department of Correction inmate Davis Don Carpenter. Mr. Carpenter pleaded guilty in Benton County, Arkansas Circuit Court to the charges of capital murder and rape of a child on April 18, 2001. He was sentenced to life without the possibility of parole. Soon after his sentencing hearing, he moved to withdraw his guilty plea and filed a petition for post-conviction relief under Arkansas Rule of Criminal Procedure 37.1. His requests for post-conviction relief were denied. He ultimately appealed the trial court's decisions to the Arkansas Supreme Court on May 28, 2004, and his appeal was denied on September 30, 2004. Approximately fifteen years later, on April 19, 2019, Mr. Carpenter filed a motion in Benton County Circuit Court requesting that DNA testing be performed on the physical evidence in his case, using a testing method that was not available at the time of his guilty plea in 2001. The State of Arkansas opposed the motion, and the state court denied it on June 6, 2019. Soon afterward, Mr. Carpenter filed a motion for reconsideration with the state court, which he claims has not yet been ruled upon.

Rather than wait for the state court to issue its order on reconsideration, and rather than pursue any appellate remedy that may be available in state court, Mr. Carpenter

1

decided instead to remove his request for DNA testing to this Court, purportedly under 28 U.C.S. § 1443(1) and 18 U.S.C. § 3600. He maintains that even though there is evidence that "the State . . . cleared the defendant of the crime," the state court has chosen to ignore the evidence "[b]y reason of popular prejudice against the Defendant." (Doc. 1 at 3). He believes that the State should perform DNA testing on all the physical evidence in the criminal case "to prove his actual innocence of rape and capital murder"—despite the fact that he entered a valid guilty plea to these charges. *Id.*

28 U.S.C. § 1443 only allows for the removal of a state criminal *prosecution* "against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). The matter Mr. Carpenter desires this Court to rule upon is a request for post-conviction relief. It is not an active state criminal prosecution that is removable under this statute. Indeed, 28 U.S.C. § 1445(b)(1) states that "[a] notice of removal of a criminal prosecution shall be filed not later than 30 days *after the arraignment in the State court*, or at any time before trial, whichever is earlier . . . ." (emphasis added). This means that removal under Section 1443 is intended to occur within a certain timeframe—early on in a criminal prosecution. The other statute Mr. Carpenter cites, 18 U.S.C. § 3600, is also inapplicable here. Section 3600 mandates post-conviction DNA testing in certain circumstances, and only for those individuals "sentenced to imprisonment or death pursuant to a conviction for a Federal offense . . . ." Here, Mr. Carpenter has been convicted of *State* offenses, not federal ones.

It is clear to the Court from the above discussion that Mr. Carpenter improperly removed this action. The state court's decision to deny his request for further DNA testing

may only be appealed through state court appellate procedures. Nowhere in Mr. Carpenter's pleadings does he allege that he is challenging a state statute or rule governing DNA testing in the criminal setting. Instead, he admits that he has removed his petition for further DNA testing from the state court to this Court because he disagrees with the state court's decision. Pursuant to the *Rooker-Feldman* doctrine,[1] federal district courts like this one lack subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

**IT IS THEREFORE ORDERED** that this case is **REMANDED** to the Circuit Court of Benton County, Arkansas.

**IT IS SO ORDERED** on this 23rd day of July, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[1] *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).